# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1107 | **DATE** | 8/6/2010 |
| **CASE TITLE** | RCS Logistics, Inc. v. Kanan Fashion, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons discussed below, Kanan's motion to dismiss is granted and the case is dismissed without prejudice and with leave to amend the complaint within 30 days. After that time dismissal will be with prejudice.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

RCS Logistics, Inc. ("RCS") sued Kanan Fashion, Inc. ("Kanan"), asserting claims under Illinois law for breach of contract (Count I) and account stated (Count II). In brief, RCS's complaint alleges that MAC Supply Chain Solutions (PVT) Ltd. ("MAC") performed international airfreight shipping services for Kanan; that RCS served as MAC's collection agent; and that Kanan breached an agreement to pay RCS for RCS's services.

Kanan argues that RCS's complaint must be dismissed because: (1) RCS lacks standing to bring the suit and (2) because RCS has failed to properly allege a claim for breach of contract. The first argument fails, but the second succeeds. Kanan also correctly argues that since RCS's breach of contract claim must be dismissed, its account stated claim must be dismissed as well. Accordingly, Kanan's motion to dismiss is granted, without prejudice to RCS's right to replead.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not its merits. *See, e.g.*, *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is warranted under Rule 12(b)(6) only where the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See, e.g.*, *Goren v. New Vision Intern., Inc.*, 156 F.3d 721, 726 (7th Cir. 1998). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (quoting Fed. R. Civ. P. 8(a)(2)). The facts must provide the defendant with "'fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be enough to raise his right to relief above the speculative level. *Id.*

Kanan first argues that RCS lacks standing to bring the instant suit because, under Illinois law, only a party to a particular contract, or a party in privity with a contracting party, may enforce that contract. Thus,

| STATEMENT |
|---|

Kanan contends, RCS "must allege that it was a party to a contract with Kanan or otherwise allege that it is able to enforce a contract either as a third party beneficiary or assignee of MAC's alleged rights." Mot. to Dismiss at 2. RCS *does* make such an allegation: it claims that it was party to a contract with Kanan, *see, e.g.*, Compl. ¶ 11 ("Kanan agreed to pay RCS, as the collection agent for MAC, for the shipping services provided by MAC."), and makes clear that it is the breach of *that* agreement, not the contract between Kanan and MAC, that forms the basis for its suit. Thus, Kanan has not shown that RCS lacks standing to bring the instant suit.

Kanan next argues that RCS's breach of contract claim must be dismissed because RCS's complaint has not been adequately pleaded. I agree. Although the complaint alleges that Kanan agreed to pay RCS, and that MAC provided services under the alleged agreement, the complaint does not explain what was required of RCS under the agreement. Mot. to Dismiss at 3. There are perhaps circumstances under which the omission of such information would be unproblematic. *See, e.g.*, *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (observing that "the height of the pleading requirement is relative to circumstances"). Here, however, the precise nature of the relationships between RCS, MAC, and Kanan is obscure and stands in need of further factual elaboration. As Kanan points out, "[w]ithout facts identifying when the alleged agreement was made, who it was made with, under what terms, what consideration was given, what obligations needed to be performed, or whether it was an oral or written agreement, it is unclear exactly on what basis Plaintiff bases its breach of contract claim." *Id.* Count I is therefore dismissed. However, RCS may replead the claim in an amended complaint if it should desire to do so.

Kanan goes on to argue that since RCS's breach of contract claim must be dismissed, RCS's account stated claim fails as well. Although Kanan offers little explanation or argument on this point, its contention is nonetheless correct. Under Illinois law, "[a]n account stated is an agreement between the parties who previously engaged in transactions that the account representing those transactions is true and the balance stated is correct, together with a promise for payment of the balance." *United States Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009) (quotation marks omitted). Illinois courts have further explained that "an account stated is merely a method of proving damages for the breach of a promise to pay a contract and cannot be made the instrument to create an original liability." *Id.* In other words, RCS's account stated claim is not a freestanding basis of liability but is instead dependent upon RCS's breach of contract claim. Since the latter claim fails, RCS's account stated claim must also be dismissed. However, as with its breach of contract claim, RCS may replead its account stated claim in an amended complaint.